

# Fourth Court of Appeals
## San Antonio, Texas

February 10, 2022

No. 04-22-00012-CR

John Adonis-Hercule **BRACY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CR-8524
Honorable Frank J. Castro, Judge Presiding

# O R D E R

Pursuant to a plea-bargain agreement, appellant pleaded nolo contendere to two counts of sexual assault with a child. The trial court assessed punishment at two terms of imprisonment for twelve years, with the sentences to run concurrently. On October 18, 2021, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

Generally, in a plea bargain case, a defendant may appeal only: (1) those matters that were raised by written motion filed and ruled on before trial; (2) after getting the trial court's permission to appeal; or (3) where the specific appeal is expressly authorized by statute. *See id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the appellant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." *Id.* 25.2(d).

This appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that appellant has the right to appeal is made part of the appellate record by **March 14, 2022**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order).

FILE COPY

We ORDER all appellate deadlines be suspended until further order of the court.

It is so **ORDERED** February 10, 2022.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT